# In re Estate of Daniel Shade, Deceased. Appeal of Emma E. Graber.

*Wills—Legacy—Life estate.*

Where the gift of a money legacy is coupled immediately in the will with a direction to the executors to invest the amount of the legacy at interest, and to pay the interest to the legatee during her life, and the principal to other persons after her death, the legatee takes merely a life interest in the legacy.

Argued Jan. 29, 1900. Appeal, No. 139, Jan. T., 1899, by Emma E. Graber, from decree of O. C. Montgomery Co., dismissing exceptions to auditor's report. Before GREEN, C. J., McCOLLUM, DEAN, FELL and MESTREZAT, JJ. Affirmed.

Exceptions to auditor's report.

The auditor, John M. Dettra, Esq., reported as follows:

Emma E. Graber claims the sum of $5,000 bequeathed to her under the will absolutely, and not as a trust. The will reads as follows in reference to this bequest: "Item. I give and bequeath to Emma E. Graber wife of Doctor F. D. Graber five thousand dollars ($5000.00). I also direct my Executors to be guardians and act just in the same capacity as in Martha Graber's case after the death of said Emma E. Graber then the principal and interest which the said Emma E. Graber did not use is to go to her children share and share alike respectfully to their heirs and assigns forever; if the said Emma E. Graber should die without issue I direct my said guardians after her death to divide said sum of five thousand dollars with interest if any $5000.00 one half sum to my brother and sister the other one half to the brother and sister of my wife just the same as the other divisions were directed to be made as James Keelor & Doctor S. R. Keelor who shall be excluded for reasons hereinafter stated."

In this bequest to Emma E. Graber he directs his executors to be guardians and act just in the same capacity as in Martha Graber's case, so that it is important to consider the bequest to Martha Graber, which reads as follows: "Item. I give and bequeath to Martha Graber daughter of Doctor & Emma Graber

the sum of seven thousand dollars $7000.00 to have and to hold forever.   I order my executors hereinafter named as guardians for the said Martha Graber to file a bond for sufficient security and direct the said guardians to invest said sum in real estate security say first lien at lawful interest if can be got if not as much as can be got the interest to be added to the principle every year at the age of twenty two years (22 years) pay the said amount with interest accruing thereon to Martha Graber in case there should be any necessity for the said Martha Graber to have means for her education or ill health, the said guardians shall in such case use of the interest yearly as she may require. Should the said Martha Graber die without issue then I direct my guardians to give one half of the amount of what is left to Martha Graber, Brother Henry Graber to have and to hold forever."

In order to determine whether or not this bequest to Emma E. Graber is to be held by her absolutely, or whether it is given in trust is a question that depends upon the intention of the testator, which must be gathered from the entire will.   We are met, again, with the fact that the testator was an illiterate man, not familiar with legal phrases, but having sufficient confidence in himself to feel that he was able to write a will, which would be expressed in terms setting forth his intentions, and because of his inability or neglect in specifying more particularly just exactly what he did intend, we are put to the trouble of ciphering out from his entire will just what his intentions were.

There is one circumstance, however, throughout this will which convinces your auditor that the principal of his estate or whatever might be left after certain contingencies, should go to his brothers and sisters and the brothers and sisters of his wife. This fact is clearly set forth in his bequest to Martha Graber of $7,000, afterwards cut down by codicil to $5,000, in which case he provided that his executors should act as guardians for Martha Graber, and in case of her death they were then to pay over this money one half to her brother Henry Graber, and the other one half to his brothers and sisters and the brothers and sisters of his wife.   And the testator even went further and provided that in case Henry Graber should die and leave no issue, then he directed that the full amount of the principal should go to the testator's brothers and sisters and the brothers

and sisters of his wife. In his particular bequest there is not a particle of doubt but that the testator intended that the principal of the bequest in case of the death of both Martha Graber and Henry Graber without issue should go to his brothers and sisters and the brothers and sister of his wife. And the testator even went further and distinctly on this point, and has gone to a very great deal of trouble to set forth just exactly how he wanted that bequest disposed of.

And when he comes to the item in which he gives and bequeaths to Emma E. Graber, wife of Dr. J. D. Graber, $5,000, and directs that his executors should be guardians and act just in the same capacity as in Martha Graber's case, and after her death the principal and interest which the said Emma E. Graber did not use was to go to her children share and share alike, and provides further, that should the said Emma E. Graber die without issue that the said guardians should divide the said sum of $5,000, with interest, if any, among his brothers and sisters and the brothers and sisters of his wife, it would seem to your auditor that the two bequests must be construed practically in the same language, and that although the testator did not in the bequest to Emma E. Graber go to the same trouble in setting forth as fully what should be done, he did nevertheless state that his guardians were to act in just the same capacity as they had been instructed to do in the Martha Graber case, he evidently thinking that—as he had expressed himself there fully and carefully—it was not again necessary to repeat the same language, but that a reference to it in this way would be sufficiently definite and accurate.

Under the bequest to Martha Graber they were to act as guardians, to file a bond in sufficient security, were to invest the money in real estate security, and in case there should be any necessity for Martha Graber to have means for her education or ill health the guardians were to use the interest yearly as she might require it. If they were to act in the same capacity in the case of the bequest to Emma E. Graber, then it would be necessary for them to invest this money, collect the interest, and in this case pay the same over to Emma E. Graber, and they would be active trustees. Martha Graber was a minor, and he there nominated his executors as her guardians. Emma E. Graber is of full age, and a married woman, and evidently

when the testator said they should be guardians he meant it in the sense of trustees, being unfamiliar with legal terms. In the bequest to Emma E. Graber the language is somewhat obscure, and it may mean that she either had the right to use the principal and interest under certain circumstances, or he may have meant that the interest which she did not use, in addition to the principal, was to go to her children share and share alike in case of her death, but it would seem to your auditor that it would make little difference in this case as to which was meant, as it does not follow that because she is given the power of consumption of a part or all of the principal that she would therefore take this as an absolute gift. As stated in the outstart, this would depend upon the intention of the testator, and the manifest purpose of the testator was that in case of the death of Emma E. Graber it should go to her children share and share alike, or in case she should die without issue that then the executors were to divide this money among his own brothers and sisters and the brothers and sisters of his wife. To hold, therefore, that she took an absolute gift would defeat the evident intention and purpose of the testator.

In Heller's Appeal, 181 Pa. 1, "testator devised a lot to his housekeeper for and during such part of her natural life as she remain unmarried," and in his will directed that "upon her death or marriage" the property should be sold, and the proceeds should be distributed as a part of his residuary estate. He also directed that certain bank stock should be held in trust for her "so that she receive all the income of dividends arising or accruing therefrom, immediately from and after my death, so long as she remain unmarried, and if at any time or times she needs any part of the principal of the stock she is at liberty to receive it for her support and maintenance. If any part of said stock is remaining at her death or marriage it shall be distributed as is hereinafter provided in relation to my residuary estate." In a subsequent clause of the will he declared that it was his intention that the housekeeper should have the use and enjoyment of his "house and lot, and everything therein contained, for and during all the time of her life she remains unmarried, and if she deems it necessary, may at any time or times use part or all of the principal of the bank stock for her support and maintenance." It was held that the legatee was not enti-

tled to demand an absolute transfer to herself of all the bank stock; that she was only entitled to the bank stock if it appeared that through a deficiency of income a portion of the principal was necessary for her support and maintenance.

And in the same case Chief Justice STERRETT in his opinion referred to the case of Gross v. Strominger, 178 Pa. 64, where the Supreme Court, in holding that the provisions made in that case by the testator for his widow was not an absolute gift to the latter, said, " Testator's wife was manifestly the primary object of his bounty.  Whatever was necessary for her support he intended she should share.  If the income of the estate was sufficient to afford her a suitable maintenance, it was his intention that the principal should go, at her decease, to the children and grandson unimpaired.  A construction of the privilege which makes it operate as an absolute gift to the wife of the residue of the estate would defeat the plain purpose of the testator, and take from the children and grandson . . . . that which he intended they should have at her decease."

Of course, the language in the will before us is not as clear, nor is the meaning as plainly expressed, as in the wills above referred to, but, taking the whole will together, it does seem perfectly clear that, even if the testator intended that Emma E. Graber should have a right to use some or all of the principal, it was only to be so in case of some contingencies arising making it a necessity.

In the case of Martha Graber he directed the guardians to use the interest even before she became twenty-two years of age, if it was needed for her education or ill health, and inasmuch as he has given this fund to the executors to act in the same capacity for Emma E. Graber as they were to Martha Graber, it may be that he intended that if she had the right to use the principal at all it should be in the case of ill health or, at any rate, of some necessity which might arise.

There is nothing whatever in the will, excepting the clause " then the principal and interest which the said Emma E. Graber did not use," which would indicate in the slightest degree that she was entitled in any way to this bequest absolutely, and as the many other clauses in the will relating to this bequest, and when coupled with the bequest to Martha Graber, to which it specifically refers, are so clearly plain and manifest that it was

the intention of the testator that Emma E. Graber was simply to have the benefit of this money during her life, and that what should then be left should be disposed of in the manner contained in his will, your auditor is of the opinion that Emma E. Graber does not take an absolute gift of this bequest, but that the money is bequeathed in trust for her use.

The court dismissed exceptions to the auditor's report. Emma E. Graber appealed.

*Error assigned* was the decree of the court.

*N. H. Larzelere*, with him *M. M. Gibson* and *G. R. Fox*, for appellant.—The bequest was absolute: Doebler's App., 64 Pa. 9; List v. Rodney, 83 Pa. 483; Guthrie's App., 37 Pa. 21; Haldeman v. Haldeman, 40 Pa. 29; Yarnall's App., 70 Pa. 335; Mason v. Ammon, 117 Pa. 127; Follweiler's App., 102 Pa. 581; Boyle v. Boyle, 152 Pa. 108; Cox v. Sims, 125 Pa. 522; Taylor v. Bell, 158 Pa. 651; Lininger's App., 110 Pa. 398; Markley's Est., 132 Pa. 352; Cox v. Rogers, 77 Pa. 160; Myers's App., 48 Pa. 26; Levy's Est., 153 Pa. 174; Evans v. Smith, 166 Pa. 625.

*Montgomery Evans*, with him *E. L. Hallman*, for appellee.—If a testator in one part of his will give to a person an estate of inheritance of lands, or an absolute interest in personalty, and in subsequent passages unequivocally shows that he means the devisor or legatee to take a lesser interest only, the prior gift is restricted accordingly: Sheets's Est., 52 Pa. 257; Ivory v. Burns, 56 Pa. 300; Kreb's Est., 184 Pa. 222; Yetter's Est., 160 Pa. 506; Gross v. Strominger, 178 Pa. 64; LaBar's Est., 181 Pa. 1; Lejee's Est., 181 Pa. 416.

PER CURIAM, February 12, 1900:

We are clearly of opinion that the legacy to Emma E. Graber was not an absolute gift.   It is coupled immediately in the will with a direction to the executors to act in the same capacity as in the bequest to Martha Graber, which was to invest the amount of the legacy at interest and to pay the interest to the legatee during her life, and the principal to other persons after

her death. In the legacy to Emma the principal is to be paid after her death to her children and their heirs and assigns absolutely, and if Emma left no issue, then to other persons named. The reasons for this conclusion are so well expressed in the report of the auditor in which the learned court below concurred that we affirm the decree on the opinion of the auditor.

Decree affirmed and appeal dismissed at the cost of the appellant.